IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JENNIFER NICOLE KEY,

     Plaintiff,

v.                                                                      Civ. No. 17-386 KWR/GBW

ANDREW SAUL,
*Commissioner of the Social
Security Administration*,

     Defendant.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER comes before me on Plaintiff's Motion for an Order Authorizing Attorney's Fees Pursuant to 42 U.S.C. § 406(b) (*doc. 36*), pursuant to the Court's Order of Reference (*doc. 40*). Plaintiff's counsel seeks an award of $20,371.25 in attorney's fees. *Doc. 36* at 1. The Commissioner does not object to the requested award. *Doc. 41* at 1. Having reviewed the briefing and being otherwise fully advised in the premises, I RECOMMEND that the Court GRANT Plaintiff's Motion.

## I.    BACKGROUND

Plaintiff filed applications for Social Security Disability Insurance ("SSDI") and Supplemental Security Income ("SSI"), alleging disability beginning December 22, 2011. *Doc. 13-1* at 36. Plaintiff's application was denied by a final decision of the Social Security Administration ("SSA") effective January 31, 2017. *Id.* at 5–7. On March 29,

2017, Plaintiff initiated suit in this Court.  *Doc. 1.* She filed a Motion to Reverse and Remand the SSA's decision on August 14, 2017.  *Doc. 20.*  Briefing on Plaintiff's motion was complete on October 30, 2017.  *Doc. 26*.  On May 8, 2018, this Court adopted my Proposed Findings and Recommended Disposition (*doc. 27*), granted Plaintiff's motion, and remanded the action to the Commissioner.  *Doc. 29.*

On July 8, 2018, Plaintiff moved for an award of fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA").  *Doc. 31.*  The Court awarded Plaintiff $6,306.30 in attorney's fees.  *Doc. 34*.

On April 16, 2020, the SSA issued a fully favorable decision to Plaintiff, finding Plaintiff disabled for purposes of SSDI and SSI.  *Doc. 36-1.*  The SSA awarded Plaintiff past-due SSDI benefits totaling $81,485, withholding $20,371.25 (i.e., 25% of the total past-due benefits) for payment of attorney's fees.  *Doc. 37* at 3; *doc. 36-3* at 2.  The SSA awarded Plaintiff past-due SSI payments totaling $40,992.84.  *Doc. 37* at 3; *doc. 36-2* at 1. No attorney's fees have been awarded by the SSA pursuant to 42 U.S.C. § 406(a).

In the instant Motion, Plaintiff moves for attorney fees pursuant to 42 U.S.C. § 406(b) in the amount of $20,371.25.  *Doc. 36* at 1.  Plaintiff also asks that the EAJA fee of $6,306.30 be refunded to Plaintiff from Plaintiff's counsel.  *Id.* at 2.

## II.   STANDARD OF REVIEW

Attorneys representing Social Security claimants may receive fee awards under both the EAJA and 42 U.S.C. § 406, although the attorney must refund the smaller

award to the claimant.  *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).  Fees

pursuant to 42 U.S.C. § 406 are awarded upon a claimant's receipt of past-due benefits.

*McGraw v. Barnhart*, 450 F.3d 493, 505 (10th Cir. 2006).  Fees for representation at

administrative proceedings are governed by § 406(a), while § 406(b) governs fees for

representation in court.  *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002).  "[E]ach authority

sets fees for the work done before it; thus, the court does not make fee awards for work

at the agency level, and the Commissioner does not make fee awards for work done

before the court."  *McGraw*, 450 F.3d at 498.

Under § 406(b), "[w]henever a court renders a judgment favorable to a claimant

. . . the court may determine and allow as part of its judgment a reasonable fee" for the

attorney who represented that claimant before the court, provided that the fee is "not in

excess of 25 percent of the total of the past-due benefits" resulting from the judgment.  §

406(b)(1)(A); *see also Culbertson v. Berryhill*, 139 S. Ct. 517, 523 (2019) (holding that "the

25% cap in § 406(b)(1)(A) applies only to fees for court representation, and not to the

aggregate fees awarded under §§ 406(a) and (b)").

The Supreme Court has held that "§ 406(b) does not displace contingent-fee

agreements," noting that such agreements are "the primary means by which fees are set

for successfully representing Social Security benefits claimants in court."  *Gisbrecht*, 535

U. S. at 807.  Instead, "§ 406(b) calls for court review of such arrangements as an

independent check, to assure that they yield reasonable results in particular cases."  *Id*.

"Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id*.

The reasonableness determination is "based on the character of the representation and the results the representative achieved." *Id*. at 808 (citations omitted). In making such a determination, a court may therefore consider factors such as (1) whether the representation was substandard, (2) whether the attorney was responsible for any delay that caused benefits to accrue, and (3) whether the benefits are large in comparison to the amount of time counsel spent on the case. *Id*. (citations omitted); *Gordon v. Astrue*, 361 F. App'x 933, 935 (10th Cir. 2010) (unpublished).

## III. ANALYSIS

As a preliminary matter, the requested award is less than the 25% of past-due benefits permitted as a fee award by both § 406(b) and Plaintiff's fee agreement. *See doc. 38-1*. Plaintiff's total past-due benefit award for both SSDI and SSI was $122,477.84. The requested fee award of $20,371.25 is approximately 16.6% of Plaintiff's past-due benefits.

Based on the *Gisbrecht* factors, I find the requested fee award reasonable. First, the undersigned finds that counsel ably represented Plaintiff, obtaining a fully favorable result. There is no reason to believe the counsel's representation was in any way substandard. The fee appears reasonable in light of counsel's performance and his

forty-two years of experience as an attorney practicing in the field of Social Security. *See doc. 38* at ¶ 7.

Second, I find that Plaintiff's counsel was not responsible for any undue delay that caused benefits to accrue. The SSA decision became final on January 31, 2017, *doc. 13-1* at 5, and Plaintiff filed suit in this Court on March 29, 2017, *doc. 1*. Thereafter, Plaintiff's counsel complied with the Court's briefing schedule and did not request any extensions, allowing briefing on Plaintiff's motion to remand to be completed just seven months after the filing of the complaint. I find that counsel was diligent in bringing Plaintiff's case to its resolution.

Third, the requested award is proportionate to the reasonable time spent on this case. Plaintiff's counsel reports 38.02 or 40.02 hours[1] expended in this case. *Doc. 37* at 2; *doc. 38-2*. I find that these hours are on the high end of the average hours billed for a Social Security appeal. *See Martinez v. Colvin*, 2016 WL 9774938, at *2 (D.N.M. Nov. 30, 2016) (unpublished) ("Courts have held the average hours required to fully brief a social security appeal in the Tenth Circuit generally range from 20 to 40 hours."). However, the requested fee is nonetheless reasonable, as it falls within the range of fees

---

[1] Plaintiff's counsel reports two different hours in his filings on this matter. In his *memorandum* in support of the instant Motion, Plaintiff's counsel states that he has expended 38.02 hours in this case and cites to an affidavit filed in 2018 in support of the motion for EAJA fees. *Doc. 37* at 2 (citing *doc. 33* at 5–6). In his *affidavit* in support of the instant Motion, however, counsel's time records show 40.02 hours expended in this case. *Doc. 38-2*. The discrepancy relates to the last two entries, dated May 29–30, 2017, which total 3.6 hours in the 2018 record but 5.6 hours in the more recent record. Counsel's purpose in presenting this matter across three separate filings (i.e., a motion, a memorandum, and an affidavit, each with its own set of exhibits) is unclear, and the discrepancy in the recorded hours is left unexplained.

awarded in this district for fewer hours. *See Kelley v. Saul*, 2020 WL 3893055, at *3 (D.N.M. July 10, 2020) (unpublished) (awarding $33,820.90 for 31.5 hours); *Baca v. Saul*, 2020 WL 871547, at *2–3 (D.N.M. Feb. 21, 2020) (unpublished) (awarding $24,906.00 for 24.3 hours); *Valdez v. Saul*, 2019 WL 4451127, at *2 (D.N.M. Sept. 17, 2019) (unpublished) (awarding $22,497.13 for 28.6 hours). I therefore recommend awarding the requested fee of $20,371.25 in full.

Finally, I find that the instant motion was filed within a reasonable time. *See McGraw*, 450 F.3d at 505 (citation omitted) ("A motion for an award of fees under § 406(b)(1) should be filed within a reasonable time of the Commissioner's decision awarding benefits."). The SSA issued a Notice of Award regarding Plaintiff's past-due SSI payments on August 4, 2020. *Doc. 36-2*. On August 7, 2020, Plaintiff filed a Notice of Intent to File for Attorney Fees Under 42 U.S.C. § 406(b), which noted that Plaintiff was still awaiting an award letter regarding Plaintiff's SSDI benefits. *Doc. 35*. The SSA issued a Notice of Award for past-due SSDI benefits on September 5, 2020. *Doc. 36-3*. This motion was filed within six weeks thereafter, on October 14, 2020, which I find a reasonable time. *See Shultz v. Saul*, 2020 WL 5645697, at *3–4 (D.N.M. Sept. 22, 2020) (unpublished) (exercising discretion to find that a delay of more than eight months from the issuance of the Notice of Award to the filing of the motion was reasonable); *Early v. Astrue*, 295 F. App'x 916, 918 (10th Cir. 2008) (unpublished) (affirming district court's decision that motion filed thirteen months after Notice of Award was untimely).

For the foregoing reasons, **I RECOMMEND** that Plaintiff's Motion (*doc. 36*) be **GRANTED,** and the Court authorize an award of $20,371.25 in attorney fees, to be paid to Plaintiff's counsel by the SSA from the funds withheld for this purpose.

**I FURTHER RECOMMEND** that Plaintiff's counsel be **ORDERED** to refund the EAJA award of $6,306.30 to Plaintiff pursuant to *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**